# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7575 | **DATE** | 2/8/2012 |
| **CASE TITLE** | Jamie Lynn Marketing, LLC vs. Clark IV Family Trust, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion, including its request for a stay of proceedings and a hearing on the merits, is denied in its entirety. Status hearing set for 3/6/2012 at 9:00 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

### INTRODUCTION

This is a trade secrets case that was originally filed September 22, 2011 in the Circuit Court of Lake County. Defendants removed to this Court, with federal jurisdiction grounded in diversity of citizenship of the parties. 28 U.S.C. § 1332. Plaintiff challenges the removal, alleging one Defendant's contention of citizenship may be false and asks for discovery and a stay of the proceedings. The motion is denied in its entirety.

### BACKGROUND

Defendants alleged Plaintiff has its principle place of business in Illinois and that all Defendants are residents of California. Defendants' counsel filed appropriate declarations by Defendants to support those contentions. Plaintiff's motion argues it has "reasonable belief and good cause to suspect the allegations concerning [Defendant Patricia] Blecker's residency and citizenship for the purpose of removal of this action are false."

Plaintiff bases its motion upon "an examination of the address" Blecker listed in her declaration, 5195 Corte Estima, #108, Camarillo, California. That "examination" was an internet search producing a hit on www.merchantcircle.com for that same address under a business listing of "Spooner." Based on this alone, Plaintiff seeks targeted discovery to establish the citizenship of Blecker and requests a stay all of all activity related to this suit until citizenship is conclusively established.

Defendant responded with copies of Ms. Blecker's lease agreement beginning June 30, 2011; her electric bill, reflecting usage of electricity in July of 2011; her renter's insurance policy effective June 30, 2011; and a copy of Ms. Blecker's driver's license. All documents bear Ms. Blecker's name and the Corte Estima address.

Moreover, Defendant's counsel avers that he took the internet "Spooner" listing given to him by Plaintiff's

## STATEMENT

counsel and called the telephone number listed. The person answering identified himself as a "Mr. Spooner," Defendant's counsel represents, and informed counsel that both he and his ex-wife had long since vacated the Corte Estima residence.

Plaintiff failed to file a reply, which was due January 5, 2012.

## LEGAL STANDARD

A party that chooses federal court must set out the basis of federal jurisdiction and prove any contested factual allegation. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). The "competent proof" that must be established means "proof to a reasonable probability that jurisdiction exists." *Id.* at 542. Internet sources, such as Wikipedia and others, are often unreliable. *Bing Shun Li v. Holder*, 400 Fed. Appx. 854, 857 (5th Cir. 2010).

## ANALYSIS

Plaintiff's sole reason given for doubting the Defendant's citizenship is that the address given was found in an internet listing that lists another occupant at that address. This is the thinnest of reasons to contest citizenship, given the inherent unreliability of information found on the internet.

Nonetheless, the party claiming federal jurisdiction bears the burden of proof, and so one might reasonably believe such a listing could raise a jurisdictional fact question. However, Federal Rule of Civil Procedure 11(b) admonishes parties that all factual contentions be supported by "inquiry reasonable under the circumstances." When the document (or web page) leading a party to question the citizenship of an opponent comes complete with a phone number, the Court thinks that dialing that number would have been an inquiry reasonable under the circumstances. There is no indication Plaintiff did this. Nor is there any indication that Plaintiff disputes the voluminous proof offered by Defendant, particularly since Plaintiff did not even bother to file a reply.

Thus, the court finds that Defendant has, at this point, sustained its burden in satisfying the court that there is a "reasonable probability" that Ms. Blecker's is a citizen of California for purposes of diversity jurisdiction.

Nor does the Court believe Plaintiff has presented any credible evidence to cast doubt on the proof offered by Defendant, and so it is unwilling to delay matters by either ordering a stay in the proceedings or a hearing on the merits of diversity citizenship, at least on the facts now before it.

## CONCLUSION

The Plaintiff's motion is denied in its entirety for the above reasons.